IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
CYNTHIA W. FAIN,              )
                              )
    Plaintiff,                )
                              )   CIVIL ACTION NO.
    v.                        )    1:00cv701-MHT
                              )        (WO)
RURAL COMMUNITY INSURANCE     )
SERVICES,                     )
                              )
    Defendant.                )
```

OPINION AND ORDER

This case is before the court on plaintiff Cynthia W. Fain's motion to vacate this court's order taxing costs against her. Fain's motion will be denied as untimely.

I. BACKGROUND

In 2000, Fain filed this lawsuit against defendant Rural Community Insurance Services (RCIS) based on a dispute regarding the insurance policy Fain had purchased from RCIS on her cotton crop. Jurisdiction was based on

diversity of citizenship. 28 U.S.C. § 1332. This court noted that the arguments made by the parties were identical to those raised in another case before the court, Nobles v. Rural Cmty. Ins. Servs., 122 F.Supp.2d 1290 (M.D. Ala. 2000) (DeMent, J.), and the court adopted the conclusions reached in the Nobles case. This court found that, pursuant to the parties' contract and the Federal Arbitration Act, 9 U.S.C. §§ 1-16, the threshold question of whether Fain's crop was covered by the insurance policy RCIS sold her was subject to binding arbitration before Fain could pursue her claims in federal court. The case was consequently stayed and placed on the inactive docket during the pendency of the arbitration proceedings, with the understanding that Fain would be permitted to return to court to pursue her remaining non-arbitrable state-law claims once arbitration was complete.

In 2002, Fain prevailed in arbitration, and RCIS was required to pay Fain all remaining unpaid indemnities under the insurance policy. Upon Fain's motion, this case was subsequently returned to the court's active docket so

that Fain could continue to pursue her non-arbitrable state-law claims. In 2004, this court granted summary judgment in favor of RCIS on the non-arbitrable claims. In entering summary judgment, this court followed its standard practice in further ordering that "costs are taxed against plaintiff Fain, for which execusion may issue." J. (doc. no. 59) at 1. RCIS then filed a bill of costs for $ 811.25, itemizing two transcripts of depositions taken before the arbitration hearing. On March 26, 2004, the clerk of the court signed the bill of costs, thereby incorporating the bill into the judgment against Fain. On April 6, Fain filed the pending motion to vacate, arguing that the costs for the deposition transcripts should not be taxed against her because they were connected to the arbitration phase of this case, a phase in which Fain prevailed.

II. DISCUSSION

RCIS argues that Fain's motion should be rejected because it is untimely. RCIS is correct.

Under Rule 54(d)(1), any objection to the bill of costs must be made within five days of the clerk's action incorporating the bill into the judgment. Sayers v. Stewart Sleep Center, Inc., 140 F.3d 1351, 1352-53, 1354 (11th Cir. 1998). Rule 6(a) of the Federal Rules of Civil Procedure governs the computation of this five-day window. Applying Rule 6(a)'s exclusion of the day the clerk taxed the costs (March 26, 2004) and weekends, Fain's motion was due on the last day of the five-day period, April 2. However, Fain did not serve her motion until April 6 and thus did not comport with the five-day limitation period under Rule 54(d)(1).

It has been noted that the five-day period is not jurisdictional and that the court may in its sound discretion act upon an untimely motion regarding costs. Baum v. United States, 432 F.2d 85, 86 (5th Cir. 1970); United States v. Kolesar, 313 F.2d 835, 837 n.1 (5th Cir.

4

1963).* However, Baum and Kolesar rely on Rule 6(b) of the Federal Rules of Civil Procedure, which provides that:

> "When by these rules … an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion … upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

Under the terms of this provision, the court may enlarge the five-day period retroactively only if Fain demonstrates that her untimeliness was due to excusable neglect. The excusable-neglect standard is a relatively forgiving one. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993); Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir.1996); United States v. Pippin, 473 F.Supp.2d 1171, 1173 (M.D. Ala. 2006) (Thompson, J.). However, it is a standard, and it must be applied. See Riney, 77 F.3d at

---

*In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

5

1325; cf. Byrd v. City of New York, 75 F.Supp.2d 232, 234 (S.D.N.Y. 1999) (Sprizzo, J.) (excusable-neglect standard requires that movant proffer some reason for untimeliness). Fain provides the court with no explanation, let alone an excusable one, for her failure to meet the April 2 deadline. Consequently, Rule 6(b) does not forgive the untimeliness of Fain's motion.

This court has strictly applied the five-day limitation period of Rule 54(d)(1). In Reinhart v. Shaner, 234 F.R.D. 698 (M.D. Ala. 2006) (Thompson, J.), this court denied the plaintiff's motion to strike the defendant's bill of costs because the motion was filed two days late and the movant provided no reason for its untimeliness. Here the situation is no different.

Accordingly, it is ORDERED that plaintiff Cynthia W. Fain's motion to vacate the clerk's entry of judgment for costs (doc. no. 64) is denied.

DONE, this the 31st day of May, 2007.

  /s/ Myron H. Thompson
 UNITED STATES DISTRICT JUDGE